**FILED**

**MAY 19 2008**

[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KHALID JADARI, | ) | Civ. 06-5012-RHB |
| Plaintiff, | ) | |
| vs. | ) | |
| SHIBA INVESTMENTS, INC., and KARIM MERALI, | ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON FLSA CLAIMS** |
| Defendants. | ) | |

| | | |
|---|---|---|
| SARAH TOOKER HTOUTOU and MOHAMED HTOUTOU, | ) | |
| Plaintiffs, | ) | CIV. 06-5019-RHB |
| vs. | ) | |
| SHIBA INVESTMENTS, INC., d/b/a RADISSON HOTEL, KARIM MERALI, ABDELILAH SAFIR, ABDENNEBI EL JANATI, and GUNTER SCHNEPP, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WENDY LEONARD, | ) | |
| Plaintiff, | ) | CIV. 06-5020-RHB |
| vs. | ) | |
| SHIBA INVESTMENTS, INC., and KARIM MERALI, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOHAMED HTOUTOU, | ) | CIV.06-5037-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| KARIM MERALI, ABDELILAH | ) | |
| SAFIR, and ABDENNEBI EL JANATI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CELSA ODDO, | ) | CIV. 06-5050-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| KARIM MERALI, ABDELILAH | ) | |
| SAFIR, ABDENNEBI EL JANATI, | ) | |
| and GUNTER SCHNEPP, | ) | |
| | ) | |
| Defendants. | ) | |

This action was commenced alleging defendants violated Title VII. In addition, plaintiffs Wendy Leonard (Leonard) and Sarah Tooker Htoutou (Tooker) have stated claims against defendants for violations of the Fair Labor Standards Act (FLSA). Plaintiffs have moved for summary judgment on the FLSA claims.

## FACTS

Leonard was employed by defendants Shiba Investments, Inc., and Karim Merali in 2004 and 2005 for approximately five months as a server. Complaint (06-

2

5020), ¶ 6. Tooker was also employed as a server by defendants between August of 2004, and January of 2005. Complaint (06-5019), ¶ 9.

In 2006, the United States Department of Labor (DOL) conducted an investigation of defendants under the FLSA. Defendants' Objections to Statement of Material Facts (DSMF), Exhibit 8. The investigation revealed that defendants had violated the FLSA by automatically deducting 30-minute breaks whenever an employee was scheduled to work six hours or more. Id. It was also determined that defendants had violated the FLSA by not paying overtime for hours less than one. Id. The DOL determined that defendants had underpaid its employees in the amount of $24,762.19. Id. The DOL did not, however, elect to assess a penalty. Id.

Plaintiffs now move for summary judgment requesting that the Court order defendants to pay the back wages owed, as determined by the DOL, and assess liquidated damages.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine

issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Based on the foregoing, the trilogy of <u>Celotex</u>, <u>Anderson</u>, and <u>Matsushita</u> provides the Court with a methodology in analyzing a motion for summary judgment. <u>See generally</u> 1 Steven A. Childress & Martha S.

Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving parties to establish significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

Title 29 of the United States Code, section 216(b) provides that

> Any employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

The Code, however, also provides conditional relief from the payment of liquidated damages for employers. Title 29 of the United States Code, section 260 provides in pertinent part that

> In any action commenced . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquid damages, under the Fair Labor Standards Act of 1938, . . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . ., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Thus, if an employer wishes to avoid the assessment of liquidated damages, it bears the burden of proving that it acted in good faith and had a reasonable belief that his

actions were not in violation of the FLSA. See Jarrett v. ERC Properties, Inc., 211 F.3d 1078, 1084 (8th Cir. 2000) (quoting McKee v. Bi-State Dev. Agency, 801F.2d 1014, 1020 (8th Cir. 1986)).

Defendants were found by the United States Department of Labor (DOL) to have violated the FLSA. (PSMF, Exhibit 4) In its report, the DOL found that defendants "automatically deducted 30-minutes from numerous employees' time whenever they worked a shift of six hours or more" in violation of FLSA. Id. The DOL also concluded that defendants "did not pay overtime for hours less than one," also in violation of the FLSA. Id. The resulting back wages owed to Leonard equaled $276.71, and $849.28 for Tooker-Htoutou. PSMF, 14 & 16. Defendants agree that these sums are owed to plaintiffs. PSMF, 14 & 16; Defendants' Objections to Statement of Material Facts, 14 & 16.

In addition to the back wages, which defendants agree are proper, plaintiffs also request liquidated damages in an amount equal to the back wages due. Defendants, however, contend that they acted in good faith and therefore, the Court, in its discretion, should refrain from awarding liquid damages. Defendants argue that they have never been found to be in violation prior to this instance. Furthermore, defendants argue that a third party created the payroll system and implemented it until 1997, when defendants began to utilize the system independently.

As stated previously, it is the employer who bears the burden of proving that the actions which resulted in a violation of the FLSA were taken in good faith. See Hultgren v. County of Lancaster, 913 F.2d 498, 509 (8th Cir. 1990). Defendants essentially argue that the Court should eliminate liquidated damages because the actions were not willful. The Eighth Circuit has held that "[w]illfulness is not the correct standard for determining whether liquidated damages should be reduced or eliminated." Brown v. Fred's, Inc., 494 F.3d 736, 743 (8th Cir. 2007). Rather, it is whether the employer acted in good faith. The Court is unable to say that defendants acted in good faith.

Defendants utilized a payroll system created in 1995 by a third party. In 1997, defendants chose to terminate its contract with the third party and implement the system independently. There is nothing in the record indicating that defendants ever reviewed the payroll system or the requirements of the FLSA until their audit by the DOL in 2006. Their actions simply do not meet the requirement of acting in good faith. The Eighth Circuit has held that "[a]n award of liquidated damages 'is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA.'" Jarrett, 211 F.3d at 1083 (quoting Braswell v. City of El Dorado, 187 F.3d 954, 957 (8th Cir. 1999)). Having found that defendants did not act in good faith, the Court is required to order liquidated damages.

Defendants' final argument is that in the alternative to denying liquidated damages, the Court should find that plaintiffs have failed to prove that they are entitled to back wages for unpaid and unobserved breaks. The Court need not address this contention as defendants have agreed to the amounts owed to plaintiffs. DSMF, 14 & 16. Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment (Docket #227) is granted.

IT IS FURTHER ORDERED that defendants shall pay Wendy Leonard back wages in the amount of $192.33, and $192.33 in liquidated damages.

IT IS FURTHER ORDERED that defendants shall pay Sarah Tooker Htoutou back wages in the amount of $849.28, and liquidated damages in the amount of $849.28.

Dated this 19th day of May, 2008.

BY THE COURT:

_____
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE