UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

DEC 0 3 2008

CLERK

| | | |
|---|---|---|
| KHALID JADARI, | ) | Civ. 06-5012-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | **MEMORANDUM OPINION** |
| and KARIM MERALI, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SARAH TOOKER HTOUTOU | ) | CIV. 06-5019-RHB |
| and MOHAMED HTOUTOU, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., d/b/a | ) | |
| RADISSON HOTEL, KARIM MERALI, | ) | |
| ABDELILAH SAFIR, ABDENNEBI EL | ) | |
| JANATI, and GUNTER SCHNEPP, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WENDY LEONARD, | ) | CIV. 06-5020-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| and KARIM MERALI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOHAMED HTOUTOU, | ) | CIV.06-5037-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| KARIM MERALI, ABDELILAH | ) | |
| SAFIR, and ABDENNEBI EL JANATI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| CELSA ODDO, | ) | CIV. 06-5050-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| KARIM MERALI, ABDELILAH | ) | |
| SAFIR, ABDENNEBI EL JANATI, | ) | |
| and GUNTER SCHNEPP, | ) | |
| | ) | |
| Defendants. | ) | |

## BACKGROUND

This action involves allegations by plaintiffs charging violations of Title VII (42 U.S.C. §§ 2000e, et seq) and the Fair Labor Standards Act (FLSA) (29 U.S.C. § 216(b). The first action, CIV. 06-5012, was commenced January 30, 2006, by Khalid Jadari (Jadari) alleging a violation of the FLSA. The complaint was amended on October 4, 2006, adding a claim of retaliation under Title VII. On March 1, 2006, the second action was filed by Sarah Tooker Htoutou (Tooker) alleging sexual harassment in violation of Title VII, negligence,

2

intentional infliction of emotional distress, and assault and battery. The third action was filed that same day by Wendy Leonard (Leonard) who also asserted claims of sexual harassment and negligence. On November 29, 2006, Tooker's complaint was amended and her husband, Mohamed Htoutou, joined the action stating a claim of loss of spousal consortium. Additionally, both Tooker and Htoutou asserted claims under the FLSA. Leonard's complaint was amended on August 11, 2006, to include a claim under the FLSA.

On May 8, 2006, Htoutou filed a separate complaint asserting claims under the FLSA, as well as negligence, intentional infliction of emotional distress, and assault and battery. His complaint was amended on April 5, 2007, to add a claim of retaliation under Title VII and South Dakota law (SDCL ch. 20-13).

Finally, Celsa Oddo's complaint was filed on July 11, 2006. Her complaint set forth the claims of sexual harassment under Title VII, in addition to intentional infliction of emotional distress, and assault and battery. Her complaint was amended on April 5, 2007, to additionally assert a claim under the FLSA.

On November 11, 2006, defendants moved to consolidate these five actions. The motion to consolidate was opposed by plaintiffs. The Court deems plaintiffs' resistance to consolidation as pure nonsense. It provided the predicate for a long and contentious litigation in which the plaintiffs argued everything and agreed to nothing. The Court ordered these matters consolidated on March 5, 2007. In addition to consolidating the cases, the Court adopted the Scheduling Order issued in CIV. 06-5050, dated December 4, 2006, to govern the newly consolidated actions. Under that Order, the parties were limited

3

to 25 interrogatories and 10 depositions, not including depositions of experts. CIV. 06-5050, Docket #19.

Throughout the course of the discovery period, approximately 10 separate motions regarding discovery were filed in addition to at least 5 requests for monetary sanctions against the other party. See CIV. 06-5012, Dockets #30, 37, 64, 78, 88, 96, 112, 126, 152, 155, 162, 186, 188, 301, 304, and 311; CIV. 06-5019, Dockets #20, 28, 33, 36, and 60; CIV. 06-5050, Docket #20. Furthermore, each plaintiff moved to amend his/her complaint at least once. CIV. 06-5012, Dockets #17, 80; CIV. 06-5019, Docket #22; CIV. 06-5020, Docket #13; CIV. 06-5037, Docket #16; and CIV. 06-5050, Docket #22. Additionally, approximately 5 motions for summary judgment were filed. CIV. 06-5012, Dockets #131, 227, 267, 270, 281. Notwithstanding the Court's consolidation order, plaintiffs' counsel continued to file identical or substantially identical separate pleadings, thus doing violence to the purpose of consolidation..

On February 4 and 5, 2008, mediation between the parties took place. See CIV. 06-5012, Docket #249. The parties reached an agreement but did not memorialize that agreement in writing. See id. Before a single day had passed, however, the parties began to disagree as to the terms of that agreement. See id. On March 14, 2008, the Court held a hearing to determine if the oral settlement agreement should be enforced. The parties were allowed to file submissions regarding the terms of the agreement and the alleged breach of those terms. The Court, in an Order dated May 1, 2008, determined that there was no

4

settlement agreement as the parties were unable to agree to the terms discussed and set the

matter for trial.

A second settlement conference was held on July 17, 2008.  The parties, having

reached agreement, did memorialize the terms in writing and sought the approval of the

Court.  The written settlement agreements have been filed under seal.  CIV. 06-5012,

Dockets #327, 328, 329, 330, 331.  The Court notes the amounts of the settlements.

| | |
|---|---|
| Jadari | $60,000 |
| Tooker | $75,000 |
| Leonard | $15,000 |
| Htoutou | $30,000 |
| Oddo | $55,000 |
| **Total Settlement** | **$235,000** |

The only issue remaining is the award of attorneys' fees and costs.  Plaintiffs'

requests are as follows:

### Plaintiff Jadari

*Counsel*

| | | |
|---|---|---|
| James Nelson | 10.94 hours at $295 per hour = | $ 3,227.30 |
| Terence Quinn | 22.56 hours at $295 per hour = | $ 6,655.20 |
| Donald Knudsen | 4.90 hours at $225 per hour = | $ 1,102.50 |
| Thomas Simmons | 1.00 hours at $200 per hour = | $ 200.00 |
| Sara Frankenstein | 489.53 hours at $175 per hour = | $ 85,667.75 |
| Jason Smiley | 8.50 hours at $175 per hour = | $ 1,487.50 |
| Amy Koenig | 0.06 hours at $175 per hour = | $ 10.50 |
| Matthew Naasz | 93.64 hours at $135 per hour = | $ 12,641.40 |
| Matthew McGovern | 26.88 hours at $135 per hour = | $ 3,628.80 |
| Jeffery Connolly | 1.86 hours at $135 per hour = | $ 251.10 |
| Law Clerks | 28.81 hours at $45 per hour  = | $ 1,296.45 |
| Paralegals | 19.60 hours at $75 per hour  = | $ 1,470.00 |
| | | $117,638.50 |
| *Costs* | | $ 35,127.21 |

**Jadari's Total**                                                          **$152,765.71**

### Plaintiff Tooker

*Counsel*

| | | |
|---|---|---|
| James Nelson | 11.12 hours at $295 per hour = | $ 3,280.40 |
| Terence Quinn | 23.16 hours at $295 per hour = | $ 6,832.20 |
| Donald Knudsen | 32.20 hours at $225 per hour = | $ 7,245.00 |
| Sara Frankenstein | 680.93 hours at $175 per hour = | $119,162.75 |
| Amy Koenig | 35.06 hours at $175 per hour = | $ 6,135.50 |
| Matthew Naasz | 198.65 hours at $135 per hour = | $ 26,817.75 |
| Matthew McGovern | 1.22 hours at $135 per hour = | $ 164.70 |
| Jeffery Connolly | 2.34 hours at $135 per hour = | $ 315.90 |
| Law Clerks | 36.11 hours at $45 per hour = | $ 1,624.95 |
| Paralegals | 51.30 hours at $75 per hour = | $ 3,847.50 |
| | | $175,426.65 |
| *Costs* | | $ 40,374.97 |

**Tooker's Total**                                          **$215,801.62**

### Plaintiff Leonard

*Counsel*

| | | |
|---|---|---|
| James Nelson | 11.12 hours at $295 per hour = | $ 3,280.40 |
| Terence Quinn | 23.70 hours at $295 per hour = | $ 6,991.50 |
| Donald Knudsen | 4.40 hours at $225 per hour = | $ 990.00 |
| Sara Frankenstein | 280.39 hours at $175 per hour = | $ 49,068.25 |
| Amy Koenig | 4.06 hours at $175 per hour = | $ 710.50 |
| Matthew Naasz | 53.11 hours at $135 per hour = | $ 7,169.85 |
| Matthew McGovern | 0.92 hours at $135 per hour = | $ 124.20 |
| Jeffery Connolly | 1.82 hours at $135 per hour = | $ 245.70 |
| Law Clerks | 22.81 hours at $45 per hour = | $ 1,026.45 |
| Paralegals | 10.70 hours at $75 per hour = | $ 802.50 |
| | | $ 70,409.35 |
| *Costs* | | $ 27,508.20 |

**Leonard's Total**                                          **$ 97,917.55**

6

**Plaintiff Htoutou**

*Counsel*

| | | |
|---|---|---|
| James Nelson | 11.40 hours at $295 per hour = | $ 3,363.00 |
| Terence Quinn | 22.56 hours at $295 per hour = | $ 6,655.20 |
| Donald Knudsen | 4.20 hours at $225 per hour = | $ 945.00 |
| Sara Frankenstein | 399.65 hours at $175 per hour = | $ 69,938.75 |
| Jason Smiley | 0.10 hours at $175 per hour = | $ 17.50 |
| Amy Koenig | 0.06 hours at $175 per hour = | $ 10.50 |
| Matthew Naasz | 58.54 hours at $135 per hour = | $ 7,902.90 |
| Matthew McGovern | 42.22 hours at $135 per hour = | $ 5,699.70 |
| Jeffery Connolly | 1.86 hours at $135 per hour = | $ 251.10 |
| Law Clerks | 29.39 hours at $45 per hour  = | $ 1,322.55 |
| Paralegals | 65.50 hours at $75 per hour  = | $  4,912.50 |
| | | $101,018.70 |

*Costs*                                                                           $ 27,833.55

**Htoutou's Total**                                                     **$128,852.25**

**Plaintiff Oddo**

*Counsel*

| | | |
|---|---|---|
| James Nelson | 10.64 hours at $295 per hour = | $ 3,138.80 |
| Terence Quinn | 23.40 hours at $295 per hour = | $ 6,903.00 |
| Donald Knudsen | 4.40 hours at $225 per hour = | $ 990.00 |
| Sara Frankenstein | 346.84 hours at $175 per hour = | $ 60,697.00 |
| Jason Smiley | 5.50 hours at $175 per hour = | $ 962.50 |
| Amy Koenig | 1.86 hours at $175 per hour = | $ 325.50 |
| Matthew Naasz | 178.92 hours at $135 per hour = | $ 24,154.20 |
| Matthew McGovern | 4.62 hours at $135 per hour = | $ 623.70 |
| Law Clerks | 27.57 hours at $45 per hour = | $ 1,240.65 |
| Paralegals | 16.84 hours at $75 per hour = | $  1,263.00 |
| | | $100,298.35 |

*Costs*                                                                    $ 36,643.87

**Oddo's Total**                                                      **$136,942.22**

7

**Total Fees Requested**
> $117,638.50 (Jadari)
> $175,426.65 (Tooker)
> $ 70,409.35 (Leonard)
> $101,018.70 (Htoutou)
> $100,298.35 (Oddo)
> **$564,791.55**

**Total Costs Requested**
> $ 35,127.21 (Jadari)
> $ 40,374.97 (Tooker)
> $ 27,508.20 (Leonard)
> $ 27,833.55 (Htoutou)
> $ 36,643.87 (Oddo)
> **$167,487.80**

**Overall Total**
> $564,791.55 Fees
> $167,487.80 Costs
> **$732,279.35**

Additionally, plaintiffs request an award of state and local sales tax on the final

award of fees.  Defendants object to plaintiffs' petition for fees contending that plaintiffs

should not be awarded attorneys' fees in any amount.  Defendants also object to the

requested amount of costs.

## DISCUSSION

### A.    Attorneys' Fees

Attorneys' fees may be awarded to a prevailing party under Title VII.  Title 42 of the

United States Code, section 2000e-5(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion,
> may allow the prevailing party, other than the Commission or the United States,
> **a reasonable attorney's fee** (including expert fees) as part of the costs . . . .

(Emphasis added).  Likewise, the FLSA provides in 29 U.S.C. § 216(b) that

8

> [t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a **reasonable attorney's fee** to be paid by the defendant, and costs of the action.

(Emphasis added).  As a result, the Court has the authority to order an award of reasonable attorneys' fees and costs to the plaintiffs who are the prevailing party in this matter.

"'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" Hanig v. Lee, 415 F.3d 822 (8th Cir. 2005) (quoting Fish v. St. Cloud State University, 295 F.3d 849, 851 (8th Cir. 2002)).  In determining a reasonable fee, the Court is to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 438, n. 3, 103 S. Ct. 1933, 1938, 76 L. Ed. 2d 40 (1983). The Court, however, is not required "to examine exhaustively and explicitly . . . all the factors . . . ."  Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999).  Moreover, the burden of proving "the hours worked and rates claimed" lies on the party moving for the award of fees.  Hensley, 461 U.S. at 433, 103 S. Ct. at 1939.

### (1)     Time and Labor

Plaintiffs' counsel is requesting compensation for  approximately 3,000 hours when each case is added together. This does not include the time spent on this action by countless

9

paralegals and law clerks. This action began as five separate cases which were consolidated upon defendants' motion. Prior to the Order of Consolidation, the same filings, with minor distinctions, were made in each case separately. Much of the discovery that occurred in one case benefitted the other cases. As a result, the Court concludes that the number of requested hours is not indicative of the number of hours that were actually needed to be expended in this matter. Additionally, the Court, in examining the time records submitted by plaintiffs, finds that the documentation lacks detail and therefore, does not fully support the number of hours requested. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. Therefore, the Court finds that the number of hours requested is unreasonable.

Additionally, as the Court stated previously, this has been a highly contentious matter. This observation is supported by the many motions for discovery and sanctions in the record, as well as the very briefs regarding this issue that have been submitted by the parties. See CIV. 06-5012, Dockets #30, 37, 64, 78, 88, 96, 112, 126, 152, 155, 162, 186, 188, 301, 304, 311, 403, and 406; CIV. 06-5019, Dockets #20, 28, 33, 36, and 60; CIV. 06-5050, Docket #20. Many of these motions were the direct result of quarrels between counsel which resulted in the needless extension of this matter. See CIV. 06-5012, Dockets # 30, 37, 64, 155, and 187. Had counsel acted more professionally and thus, more civilly, many of the hours would be unnecessary. The briefs contained more rhetoric concerning the flaws of opposing counsel than citations to pertinent law or helpful arguments upon which the Court could rely. As further evidence of over-lawyering, the Court notes the needless

10

citation of out of circuit cases despite the clarity of the caselaw of the Eighth Circuit. For these reasons, the Court finds an additional basis for concluding that the requested hours are unreasonably high. Memorandum briefs addressing a subject matter need not be in the form of a law review article. The citation of out of circuit cases simply adds to the hours claimed and support this Court's conclusion that this case was over-lawyered.

  (2)  **Novelty and Difficulty**

  There were two main issues in this matter. First, did defendants failed to properly compensate the employees? Second, were plaintiffs subjected to sexual harassment or retaliated against for complaining of sexual harassment during their employment? Neither issue required a complex analysis of the law by counsel. In other words, the cases did not require an exhaustive review of the law. The law was straightforward and not difficult. Rather, counsel needed only to gather the evidence and present it to the finder of fact. While this resulted in the production of countless documents and the taking of innumerable depositions, the matter was relatively straightforward. As a result, the Court believes that this is an additional ground for the reduction of the requested amount of attorneys' fees.

  In this large firm, 8-10 lawyers were at one time or another claiming the basis for attorneys' fees.

(3)     **The Preclusion of Employment by the Attorneys Due to Acceptance of the Case**

Counsel are members of one of the largest firms in South Dakota. While counsel's requested hours show a vast amount of time invested in this matter, there is no indication that the attorneys were unable to accept other cases. As a result, this factor does not weigh in favor of the requested fee.

(4)     **The Customary Fee**

Plaintiffs' counsel request an hourly rate of $295 for James Nelson and Terence Quinn; $225 per hour for Donald Knudsen; $175 per hour for Sara Frankenstein, Jason Smiley, and Amy Koenig; and $135 per hour for Matthew Naasz, Matthew McGovern, and Jeffery Connolly. The Court finds that a reasonable hourly rate in this locality is $135 to $175 per hour. The fact of counsel's rate charged to their paying clients is not relevant in the determination of the reasonable fees required by the FLSA and Title VII.

(5)     **Whether the Fee is Fixed or Contingent;**

In this matter, the fee agreements between plaintiffs and plaintiffs' counsel set the attorneys' fees as contingent upon recovery.

The fee agreements provide, in part, as follows:

> In the event that the attorneys recover a sum of money for the client, the attorneys' fees shall be paid immediately out of this sum, even if a separate recovery of attorneys' fees is legally available. The fee shall be the greater of 'a percentage contingent fee' or 'a reasonable hourly fee in a contingent case' as those terms are defined in this section.
>
> A 'percentage contingent fee' shall be defined as : one third (1/3) of the recovery if the matter is settled before a charge of discrimination or other complaint is

12

filed with an administrative agency or court of law; forty percent (40%) of the recovery if a complaint has been filed, but the case is concluded before any appeal is taken; and fifty percent (50%) of any recovery made after an appeal is taken by any party.

A 'reasonable hourly fee in a contingent case' shall be defined as the attorneys' fees computed at their regular hourly rates multiplied by the number of hours expended on the client's case plus a contingency enhancement factor of 20% of the recovery. . . . .

If, after collecting a recovery of damages for the client, the attorneys secure a separate recovery of attorneys' fees, this separate recovery shall be refunded to the client to the extent that the sum of this separate recovery and any attorneys' fees and expenses previously paid to the attorneys exceeds the attorneys' fees and expenses as defined above (percentage contingent fee or reasonable hourly rate in contingent case).

These contingent fee agreements formed the predicate for the ensuing over-lawyering by plaintiffs' counsel. Plaintiffs' counsel had their own concept of what was a "reasonable fee." As defined in the agreements, counsel's "reasonable fee" is based and defined as "the attorneys' fees computed at their regular hourly rate multiplied by the number of hours expended. . . plus a contingency enhancement of 20% of the recovery." Such a contract is typical of the law firms's representation of itself rather than the clients. While the law firm may enter the type of contingency agreement it desires, such agreements do not bind this Court in fulfilling its statutory duty to determine a reasonable fee. The over-lawyering of this case, with its relatively simple and non-complex issues, is suggestive of the law firm's desire to litigate all imaginable issues whether relevant or not. Such over-lawyering would be typical of a law firm conducting "business" and not acting as a "profession." There come a time in any lawsuit to "throw away the time sheet," and proceed to trial saving further cost to the client. This was such a case.

13

Federal Rules of Civil Procedure provide the requirement of a "just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. With over 406 docket entries, this 34 month case calls out for the Court's exercise of its discretion to reduce the claim of attorneys' fees.

Early on, plaintiffs' counsel followed a plan to resist everything and agree to nothing. Plaintiffs' counsel early on noted the appearance of five lawyers of the firm, whereas 8 to 10 lawyers claim time for reimbursement. During the course of the 34 months, counsel filed an opposition to consolidation (Dockets# 26-29); motion to compel access to computer hard drives (Dockets #30, 31); imposition of sanctions (Docket #38); motion for protective order (Dockets #78, 79); motion to compel (Dockets #88, 89); motion to compel (Docket #38); and various motions for sanctions (Docket #192). Such illustrative motions are only some of the examples of the contentious nature of this litigation.

The total recovery for the settlement of these actions is $235,000. Under the fee agreement, counsel would take either $94,000 (40% of the recovery) or $611,791.55 (an amount equal to the number of hours expended times the regular hourly rate plus 20% of the recovery ($564,791.55 + $47,000)), whichever is greater. As the Court hereinafter notes, this case was not "undesirable." Counsel did not incur great risk at taking on the representation of plaintiffs. Furthermore, as stated, the law of the Eighth Circuit regarding Title VII cases is clear. The Court finds that the fact that the fee arrangement was contingent does not weigh in favor of awarding the fees requested by counsel. See Hensley, 461 U.S. at 438, n. 3, 103 S. Ct. at 1938.

14

### (6)     The Amount Involved and the Results Obtained

Here, plaintiffs were seeking proper compensation under the FLSA and damages

resulting from the violations of Title VII. Plaintiffs received the back pay and proper

overtime compensation sought. Additionally, the settlement agreement provides some

redress for the Title VII grievances. The total amount of the recovery by settlement was

$235,000. While there was recovery, it was obtained without a jury trial. The Court does

not conclude the results to be excellent. See Griffin, 188 F.3d at 997. The fees requested are

more than two times greater than the amount of settlement. Furthermore, this case, while

reasserting the tenets of Title VII, was not remarkable in any other way and did not forge

new ground on any front. As a result, the Court concludes that this factor does not weigh

in favor of awarding the fees requested.

### (7)     The Experience, Reputation, and Ability of the Attorneys

The level of experience among plaintiffs' counsel varies from a few years to many

years in practice. The majority of time spent working on this case was expended by counsel

who had less than 8 years of experience in the practice of law. Attorney Frankenstein was

lead counsel. At the time this action was commenced, she had approximately 5 years

experience in the practice of law, including one year as a federal law clerk. She was

assisted in her representation principally by Naasz who, at the commencement of this

action, had only been practicing a few months. This level of experience supports the

Court's conclusion that a reasonable hourly fee is $150, as well as the determination that the

15

number of hours claimed by counsel is unreasonable. As a result, the Court finds that this factor weighs against awarding attorneys' fees in the amount requested.

### (8)    The 'Undesirability' of the Case

As stated, this case was not undesirable. There were multiple plaintiffs suing the same defendants. The South Dakota Department of Labor had already investigated and found that there were violations of the FLSA. The evidence supporting the Title VII claims was clear. As a result, this factor does not weigh in favor of granting the requested fees.

### (9)    The Nature and Length of the Professional Relationship With the Client

The first of these actions commenced in this Court on January 30, 2006. The last of the cases was filed on July 11, 2006. As a result, the representation of plaintiffs by counsel has been extensive, spanning over two years.

### (10)    Awards in Similar Cases

The Court has examined the awards of attorney's fees in other cases and takes note of two in particular. First, in Rifenberick v. Porter Apple, CIV. 97-5079, tried by this Court, plaintiffs were awarded attorneys' fees in the amount of $56,167.50, for representing four plaintiffs in a Title VII action that litigated at the district court level for approximately a year and a half, resulting in a five-day jury trial. In Rifenberick, the verdict returned was as follows:

| | |
|---|---|
| Susan Rifenberick | $37,313.70 |
| Kathleen Leipold | $36,927.98 |
| Kathleen Albe | $37,214.01 |
| Lisa Wagner | $35,910.30 |
| Total Award | $147,365.99 |

16

Several years later, attorneys' fees in the amount of $486,490 were awarded in <u>Mock</u>

<u>v. South Dakota Board of Regents</u>, CIV. 00-4191, also a Title VII action, for the

representation of two plaintiffs over the course of three years.  In Mock, the jury awards

were as follows:

Mary Mock     $226,071
<u>Diana Cole     $203,156</u>
Total Award   $429,227

Based upon this review, the Court finds that the award of $592,569.03 in fees for an

action that lasted approximately 30 months and did not go to trial would be

disproportionate to similar awards in this district.  As a result, this factor weighs against

awarding the requested amount of fees.

### (11)     Other Factors

The Court has also examined the skill required to represent plaintiffs and time

limitations which may have resulted from counsel's representation.  The Court concludes

that neither of these factors weighs in favor of, or against, awarding the fees as requested.

### (12)     Lodestar Calculation

Having examined the factors set forth in <u>Hensley</u>, the Court finds that neither the

rate nor the hours requested are reasonable. Though plaintiffs succeeded in that a

settlement was reached, a vast amount of time was wasted due to contention between

counsel.  Plaintiffs are requesting reimbursement for well over 3,400 hours.  The Court

finds that 1,750 hours would be a more reasonable expenditure of time.  Additionally, the

17

Court has found that a reasonable hourly rate is $150 to $175 per hour. The lodestar then

would equal the following:

| | | | |
|---|---|---|---|
| James Nelson | 27.46 hours @ $175 per hour | = | $4,805.50 |
| Terrence Quinn | 57.69 hours @ $175 per hour | = | $10,095.75 |
| Donald Knudsen | 25.05 hours @ $175 per hour | = | $4,383.75 |
| Thomas Simmons | .05 hours @ $175 per hour | = | $87.50 |
| Sara Frankenstein | 1,098.67 hours @ $150 per hour | = | $164,800.50 |
| Jason Smiley | 7.05 hours @ $150 per hour | = | $1,057.50 |
| Amy Koenig | 20.55 hours @ $150 per hour | = | $3,082.50 |
| Matthew Naasz | 291.43 hours @ $135 per hour | = | $39,343.05 |
| Matthew McGovern | 37.93 hours @ $150 per hour | = | $5,120.55 |
| Jeffery Connolly | 3.94 hours @ $150 per hour | = | $531.90 |
| Law Clerks | 72.35 hours @ $0 per hour | = | $0 |
| Paralegals | 81.97 hours @ $50 per hour | = | $4,098.50 |
| **Total Fees Awarded** | | | $237,407.00 |

This figure accounts for the duplicative work presented in the five cases before

consolidation, as well as the unnecessary prolongation of this litigation due to petty

disputations. The Court concludes that this fee is appropriate for the work done and the

results achieved. The Court additionally awards sales tax (6%) in the amount of $14,244.42.

**B.     Costs**

Plaintiffs also seek reimbursement for costs associated with pursuing this litigation

in the amount of $167,487.80. The costs requested are as follows:

| | |
|---|---|
| Computer Forensics Services, Inc. | $112,177.70 |
| Dr. Sharon Lamb | $18,752.20 |
| Computer-Aided Research | $3,463.22 |
| Plaintiff's travel expenses | $1,609.77 |
| Alltel | $1,250.00 |
| Coca-Cola Bottling Co. | $198.75 |
| Banquero Law Office | $180.00 |
| Casey Peterson | $18,350.09 |
| Legal Technology Solutions | $183.60 |
| Glory Days Video | $7,366.98 |

| | |
|---|---|
| Meals | $123.83 |
| Copies | $277.67 |
| Court Reporting Fees | $641.94 |
| Office Expenses | $2,783.06 |
| **Total Costs Requested** | **$167,487.80** |

Defendants object to the majority of these requests. The Eighth Circuit has held that it is appropriate to award "'reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client.'" Sturgill v. United Parcel Service, Inc., 512 F.3d 1024, 1036 (8th Cir. 2008) (quoting Morta v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529 (5th Cir. 2001)).

### (1)    Computer Forensics Services, Inc.

Plaintiffs' counsel requests the Court award $112,177.70 for costs associated with the discovery of defendants' computer hard drives. In an Order dated April 3, 2007, Docket #63, the Court granted plaintiffs' motion to compel defendants' hard drives on the condition that plaintiffs would be responsible for the costs of hiring the expert. Plaintiffs now attempt to maneuver around the Court's Order by requesting these fees as part of their recovery as a prevailing party. The Court specifically considered who should bear the costs of conducting this mode of discovery and determined that if defendants were assigned the cost, granting the request would place an unduly burden on defendants. This is a burden which plaintiffs completely understood and chose to accept. As a result, in accordance with its Order dated April 3, 2007, the Court will not award the costs for conducting this discovery procedure to plaintiffs. The amount requested, $112,177.70, is disallowed.

### (2)   Dr. Sharon Lamb

Plaintiffs also seek their costs in the amount of $18,752.20 related to the use of their expert, Dr. Sharon Lamb. In an Order dated January 7, 2008, Docket #241, the Court ordered each party to bear 50% of the fees in dispute at that time with regards to the deposition of Dr. Lamb. At that time, the amount in dispute was $6,398.90. Accordingly, each party was to pay $3,199.45. Based upon the Court's previous ruling, therefore, the highest amount that the Court will consider awarding to plaintiffs is $15,552.75.

Defendants contend that these fees and expenses were disposed of during the settlement negotiations. The Court has thoroughly reviewed each of the settlement agreements and finds no indication that this was negotiated. As a result, defendants' contention that these fees should not be awarded fails.

The Court finds that the amount of the requested fees is extravagant, even when reduced by the share which plaintiffs have previously been ordered to bear. Plaintiffs provide documentation supporting these expenses in the amount of $11,968.83, not including the $6,398.90 which was previously in dispute. In reviewing the receipts submitted by counsel in support of the request, the Court notes that Dr. Lamb charged $4,093.30 for travel to South Dakota to perform a psychological evaluation of Oddo. The Court finds that this is unreasonable. The use of Dr. Lamb is a further example of plaintiffs' overreaching. The purported testimony would have added nothing in the event the case went to trial. The $15,552.75 is disallowed.

20

### (3)    Computer-Aided Research

Plaintiffs request reimbursement in the amount of $3,463.22 for Westlaw usage.

Defendants object to the request contending that reimbursement for these expenses is not

permissible in the Eighth Circuit.  See Standley v. Chilhowee R-IV Sch'l Dist., 5 F.3d 319,

325 (8th Cir. 1993).  Plaintiffs contend that Standley was published when computer-aided

research was new to the practice of law and should be read to prohibit the award of such

costs only when it is not common practice in the relevant market to charge those expenses

to a client.  Nonetheless, "the law of this Circuit is that computer-based legal research must

be factored into the attorneys' hourly rate, hence the cost of the computer time may not be

added to the fee award."  Id. at 325.  As a result, the Court will not award these costs.

### (4)    Plaintiff Tooker's Travel Expenses

In the course of this litigation, Tooker traveled to Vermont for the purpose of being

evaluated by Dr. Lamb.  Plaintiff now seeks reimbursement for her costs of travel.  The

Court finds that this expense is unreasonable and will not award $1,609.77 as requested.

### (5)    Alltel Records, Coca-Cola Bottling Co. Records and Banquero Law Office

Federal Rule of Civil Procedure 34 provides that a party is required to produce

requested documents if those documents are within his "possession, custody, or control."

Plaintiffs seek reimbursement for the costs of securing cellular phone records from Alltel,

employment records from the Coca-Cola Bottling Co., and immigration information from

Banquero Law Office in order to fulfill defendants' discovery requests.  Plaintiffs needed

only to direct defendants to the location of those documents and did not need to go to the

21

expense of securing the documents on behalf of defendants. The Court finds that these are not reasonable expenses and, accordingly, will not award the costs requested.

### (6) Casey Peterson

In the course of the litigation, plaintiffs hired Casey Peterson & Associates to perform certain accountings regarding plaintiffs' FLSA claims. Plaintiffs now request the amount of $18,350.09 for the costs associated with this retainer. The Court finds that this expense is a reasonable one. As a result, plaintiffs will be awarded the costs of this expert.

### (7) Legal Technology Solutions

Plaintiffs seek reimbursement in the amount of $183.60 for the production of a PowerPoint presentation which they used during mediation. The Court finds that this was not a reasonable expense. As a result, the request for reimbursement shall be denied.

### (8) Video Depositions

Plaintiff also seeks reimbursement for charges made by Glory Days Video Production in the amount of $6,181.90 for videotaping depositions and another $1,185.08 for court reporting fees. The Court finds the costs for videotaping depositions to be unreasonable and will not award that portion of the request. The Court will, however, award the $1,185.08 for the costs of court reporting.

### (9) Other Costs

Plaintiffs also seek reimbursement for the cost of meals ($123.83), copies of essential documents ($277.67), other court reporting fees ($641.94), and office expenses including long distance calls and postage ($2,783.06). The Court finds that these are reasonable expenses

22

which would normally be billed to a fee-paying client.  As a result, the Court will award

these costs in the amount of $3,826.50.

<b>RECAPITULATION</b>

Having reviewed the costs requested by plaintiff, the Court, having determined what

costs are appropriate, shall award the following:

| | |
|---|---:|
| Computer Forensics Services, Inc. | $0 |
| Dr. Sharon Lamb | $0 |
| Computer-Aided Research | $0 |
| Plaintiff's travel expenses | $0 |
| Alltel | $0 |
| Coca-Cola Bottling Co. | $0 |
| Banquero Law Office | $0 |
| Casey Peterson | $18,350.09 |
| Legal Technology Solutions | $0 |
| Glory Days Video | $1,185.08 |
| Meals | $123.83 |
| Copies | $277.67 |
| Court Reporting Fees | $641.94 |
| Office Expenses | $2,783.06 |
| **Total Costs Awarded** | **$23,361.67** |

The Court additionally awards the following fees:

| | | | |
|---|---|---|---|
| James Nelson | 27.46 hours @ $175 per hour | = | $4,805.50 |
| Terrence Quinn | 57.69 hours @ $175 per hour | = | $10,095.75 |
| Donald Knudsen | 25.05 hours @ $175 per hour | = | $4,383.75 |
| Thomas Simmons | .05 hours @ $175 per hour | = | $87.50 |
| Sara Frankenstein | 1,098.67 hours @ $150 per hour | = | $164,800.50 |
| Jason Smiley | 7.05 hours @ $150 per hour | = | $1,057.50 |
| Amy Koenig | 20.55 hours @ $150 per hour | = | $3,082.50 |
| Matthew Naasz | 291.43 hours @ $135 per hour | = | $39,343.05 |
| Matthew McGovern | 37.93 hours @ $150 per hour | = | $5,120.55 |
| Jeffery Connolly | 3.94 hours @ $150 per hour | = | $531.90 |
| Law Clerks | 72.35 hours @ $0 per hour | = | $0 |
| Paralegals | 81.97 hours @ $50 per hour | = | $4,098.50 |
| **Total Fees Awarded** | | | **$237,407.00** |

The total of $237,407.00 represents 50% of the requested fees.  Accordingly, it is hereby

ORDERED that plaintiffs' motions for award of attorneys' fees and costs (Dockets

#287, 341, 353, 362, 372) are granted in part and denied in part.

IT IS FURTHER ORDERED that defendants shall pay to plaintiffs $237,407.00 for

attorneys' fees.

IT IS FURTHER ORDERED that defendants shall pay to plaintiffs $14,244.42 for sales

tax.

IT IS FURTHER ORDERED that defendants shall pay to plaintiffs $23,361.67 for costs

associated with this litigation.

IT IS FURTHER ORDERED that plaintiffs' motion for expedited consideration

(Docket #340) is denied as moot.

Dated this 3 rd day of December, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

24