FILED
FEB 24 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KHALID JADARI, | ) | Civ. 06-5012-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| and KARIM MERALI, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SARAH TOOKER HTOUTOU | ) | CIV. 06-5019-RHB |
| and MOHAMED HTOUTOU, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., d/b/a | ) | |
| RADISSON HOTEL, KARIM MERALI, | ) | |
| ABDELILAH SAFIR, ABDENNEBI EL | ) | |
| JANATI, and GUNTER SCHNEPP, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WENDY LEONARD, | ) | CIV. 06-5020-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| and KARIM MERALI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOHAMED HTOUTOU, | ) | CIV.06-5037-RHB |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) |  |
| SHIBA INVESTMENTS, INC., KARIM MERALI, ABDELILAH SAFIR, and ABDENNEBI EL JANATI, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

| | | |
|---|---|---|
| CELSA ODDO, | ) | CIV. 06-5050-RHB |
| Plaintiff, | ) ) ) ) |  |
| vs. | ) ) |  |
| SHIBA INVESTMENTS, INC., KARIM MERALI, ABDELILAH SAFIR, ABDENNEBI EL JANATI, and GUNTER SCHNEPP, | ) ) ) ) ) ) |  |
| Defendants. | ) |  |

On December 3, 2008, the Court issued a Memorandum Opinion and Order regarding plaintiffs' requests for attorneys' fees. The Court issued judgment in favor of plaintiffs and against defendants in the amount of $275,019.09, for attorneys' fees and costs. On December 23, 2008, defendants moved to alter the judgment, alleging that judgment should not be entered against the individual defendants. Plaintiffs oppose defendants' motion but request that the Court alter the judgment and award additional costs.

2

1.  **Defendants' Motion**

Defendants move the Court to alter the judgment awarding attorneys' fees to reflect that it is entered only against Shiba Investments, Inc., rather than against all named defendants. Attorneys' fees were awarded under Title VII and the Fair Labor Standards Act (FLSA), both of which provide for the award of such fees against employers. Defendants reason that since the individual defendants are not "employers," the award should not be lodged against them. Plaintiffs argue that while it is true individuals are not liable under Title VII unless they qualify as an "employer," the FLSA does provide for individual liability.

The FLSA provides a right of action against an employer who violates certain practices, such as the payment of a minimum wage. See 29 U.S.C. § 206. The FLSA defines employer as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). The Eighth Circuit, as well as other courts, have concluded that this definition of "employer" extends liability to an individual. See Darby v. Bratch, 287 F.3d 673 (8th Cir. 2002); Rockney v. Blohorn, 877 F.2d 637 (8th Cir. 1989). See also Mitchell v. Chapman, 343 F.3d 811 (6th Cir. 2003). As a result, the Court finds that liability under the FLSA extends to those individuals who act "directly or indirectly

in the interest of an employer in relation to an employee" in a manner which would violate the FLSA. In this instance, liability under the FLSA would fall on Shiba Investments, Inc., as the employer, and Karim Merali, who, as an officer and manager of Shiba Investments, Inc., worked directly in the interest of the employer. Accordingly, the Court will alter the judgment to reflect the award of attorneys' fees against these two defendants.

2.  **Plaintiffs' Motion**

Plaintiffs first request that the Court compel the payment of $3,006.95, which the Court previously ordered defendants to pay in its Order dated January 7, 2008. Defendants argue that this payment was "negotiated away" during settlement. The Court has reviewed the Consent Decree which sets forth the terms of the settlement agreement. There is no provision in the Consent Decree regarding the previously ordered payment of expert fees. As a result, the Court finds that defendants are required to make the payment. As the payment has already been included in the judgment for fees and costs, it is unnecessary to alter the judgment.

Plaintiffs also contend that they sought fees totaling $35,201.97 that were not recognized by the Court. The Court finds this contention to be in error. In concluding that there was $35,201.97 in fees that the Court overlooked, plaintiffs compared their requested hourly fees plus sales tax with the Court's calculation of hourly fees not including sales tax.

## Calculation of Plaintiffs' Requested Fees

|  | Initial Requested Fees | Additional Requested Fees in Reply Brief | Requested Sales Tax | Total Requested Prior to Judgment |
|---|---|---|---|---|
| **Jadari** | $116,654.07 | $ 984.75 | $6,999.24 | $124,638.06 |
| **Tooker** | $174,474.69 | $ 949.75 | $10,468.48 | $185,892.92 (Plaintiffs claim $185,841.75) |
| **Htoutou** | $99,805.49 | $1,032.35 | $5,996.12 | $106,833.96 (Plaintiffs claim $106,963.76) |
| **Leonard** | $69,462.74 | $ 949.75 | $4,167.52 | $74,580.02 (Plaintiffs claim $74,576.01) |
| **Oddo** | $88,459.60 + $5,307.58 (tax) | $100,549.45 | $6,041.07 | $106,590.52 (Plaintiffs claim $106,725.52) |

## Proper Comparison Between Plaintiffs' Requests Without Sales Tax and Requests Considered by the Court

|          | Plaintiffs' Actual Requested Amount without Sales Tax | Court's Calculation | Amount Used in Plaintiffs' Motion to Alter | Difference |
|----------|-------------------------------------------------------|---------------------|--------------------------------------------|------------|
| Jadari   | $117,638.82                                           | $117,638.50         | $124,638.06                                | $6,999.24  |
| Tooker   | $175,424.44                                           | $175,426.65         | $185,841.75                                | $10,417.31 |
| Htoutou  | $100,837.84                                           | $101,018.70         | $106.963.76                                | $6,125.92  |
| Leonard  | $70,412.49                                            | $70,409.35          | $74,576.01                                 | $4,163.52  |
| Oddo     | $100,549.45                                           | $100,298.35         | $106,725.52                                | $6,176.01  |

The Court, in its Order dated December 3, 2008, first determined the proper number of hours expended by counsel and the hourly rate. Based upon that determination, the Court calculated the amount of sales tax to be awarded. As a review of the Memorandum Opinion reflects, the Court utilized the hours claimed by plaintiffs in their briefs, including the hours claimed in plaintiffs' reply briefs. When a proper comparison is made between plaintiffs' requested fees without sales tax and the fees considered by the Court without the addition of sales tax, it is plain

that the Court did not inadvertently miss any requested fees. The Court recognizes that plaintiffs' calculations of fees differ from the Court's. The Court, however, will rely on its methodology.

Plaintiffs also request the alteration of the judgment to include costs that they believe were not included in the Court's calculation of costs owed. Plaintiffs request an the award of $277.67 spent in acquiring copies essential to the litigation was awarded in the Order dated December 3, 2008. Plaintiffs have also requested reimbursement in the amount of $543.37 for expert fees incurred when consulting Dan Meinke of Computer Forensic Resources. The Court agrees that this cost was previously presented to the Court and inadvertently overlooked. The Court concludes that this cost is appropriate and should be included in the award. Finally, plaintiffs request an award in the amount of $171.03 for Federal Express and UPS charges. The Court is unable to locate where or when these expenses were previously presented. As a result, the Court concludes that the request for the award of these costs is untimely and, therefore, they shall be denied.

3. **Defendants' Motion to Review Costs Taxed by Clerk**

Defendants have also submitted an additional motion requesting the Court review the costs taxed by the Clerk of Courts. Defendants contend that the Clerk "erroneously taxed costs for the same deposition transcripts for each plaintiff."

Upon review of the itemized bills of costs and the Clerk's award of costs, the Court finds that there has been no duplication and that the award is proper. Accordingly, it is hereby

ORDERED that defendants' motion to alter the judgment (Docket #412) is granted in part as defendants Abdelilah Safir, Abdennebi El Janati, and Gunter Schnepp will not be liable for the award of attorneys' fees and costs, and denied in that Karim Merali shall be liable in part for the award of attorneys' fees and costs.

IT IS FURTHER ORDERED that plaintiffs' motion to alter the judgment (Docket #415) is granted in part in that the judgment shall reflect an additional award of $543.37 in costs, and denied with regard to the other requests.

IT IS FURTHER ORDERED that defendants' motion to review costs taxed by the Clerk (Docket #417) is denied.

Dated this 24th day of February, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE