FILED
JUN 23 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KHALID JADARI, | ) | Civ. 06-5012-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| SHIBA INVESTMENTS, INC., | ) | MOTION FOR STAY |
| and KARIM MERALI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SARAH TOOKER HTOUTOU | ) | |
| and MOHAMED HTOUTOU, | ) | CIV. 06-5019-RHB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., d/b/a | ) | |
| RADISSON HOTEL, KARIM MERALI, | ) | |
| ABDELILAH SAFIR, ABDENNEBI EL | ) | |
| JANATI, and GUNTER SCHNEPP, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WENDY LEONARD, | ) | |
| | ) | CIV. 06-5020-RHB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHIBA INVESTMENTS, INC., | ) | |
| and KARIM MERALI, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MOHAMED HTOUTOU, | ) | CIV.06-5037-RHB |
|     Plaintiff, | ) | |
| vs. | ) | |
| SHIBA INVESTMENTS, INC., KARIM MERALI, ABDELILAH SAFIR, and ABDENNEBI EL JANATI, | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| CELSA ODDO, | ) | CIV. 06-5050-RHB |
|     Plaintiff, | ) | |
| vs. | ) | |
| SHIBA INVESTMENTS, INC., KARIM MERALI, ABDELILAH SAFIR, ABDENNEBI EL JANATI, and GUNTER SCHNEPP, | ) | |
|     Defendants. | ) | |

An Amended Judgment was filed on May 8, 2009, against Shiba Investments, Inc., and Karim Merali in the amount of $294,246.81. This amount was determined by the Court to be the amount owed by defendants to plaintiffs for attorneys' fees and costs. On June 5, 2009, defendants filed a motion to stay the amended judgment without a supersedeas bond. That same date, defendants also filed a notice of appeal. Plaintiffs oppose defendants' motion for stay without a supersedeas bond.

Federal Rule of Civil Procedure 62(d) provides as follows:

If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Defendants have cited cases from other district courts where the trial court granted a motion for stay without a supersedeas bond. Defendants contend that they have paid the amounts owed under the settlement agreements as evidence that they have the ability to pay. Defendants also offer to provide financial statements to the Court for in camera review to assure the Court of defendants' ability to pay.

"A supersedeas bond for the full amount of judgment, interest and costs is the normal amount required to merit a stay under Fed. R. Civ. P. 62(d)." Hopfinger v. Kidder International, Inc., 827 F. Supp 1444, 1452-53 (W.D. Mo. 1993) (citations omitted). Defendant has not provided any rationale for departing from the normal procedure. Despite having no doubt as to defendants' financial ability to pay the judgment, plaintiffs have a right to be protected. "[T]he purpose of a supersedeas bond is to preserve the status quo while protecting the prevailing plaintiff." Central Telecommunications, Inc., v. TCI Cablevision, Inc., 610 F. Supp. 891, 911 (W.D. Mo. 1985). Given the highly contentious nature of this action, the Court finds that the

requirement of a supersedeas bond is appropriate and shall not be waived.

Accordingly, it is hereby

ORDERED that defendants' motion for a stay without a supersedeas bond (Docket #429) is denied.

Dated this 23rd day of June, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE